UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NANCY SMITH                                    CIVIL ACTION

VERSUS                                         NO. 17-7267

BOARD OF COMMISSIONERS OF THE                  SECTION "E" (2)
LOUISIANA STADIUM AND EXPOSITION
DISTRICT ET AL.

### FINDINGS AND RECOMMENDATIONS

This is an Americans with Disabilities Act ("ADA") action by plaintiff, Nancy Smith

("plaintiff"), against defendants, the Board of Commissioners of the Louisiana Stadium and

Exposition District ("the Board"), as the political entity which owns the Superdome; Kyle

France, in his official capacity as chief executive of the Board ("France"); Live Nation

Worldwide, Inc.; Box Office Ticket Center, LLC; and SMG. Plaintiff asserted claims against

defendants for their failure to comply at the Superdome with Title II and III of the ADA, 42

U.S.C. § 12101 et seq,, the Rehabilitation Act, 29 U.S.C. § 794 et seq., and the Louisiana

Human Rights Act ("LHRA"), La. Rev. Stat. § 51:2231 et seq.. Record Doc. No. 1. Plaintiff

sought injunctive and declaratory relief, damages, attorney's fees, costs and expenses. Record

Doc. No. 1 at pp. 19–20.

I.   PROCEDURAL BACKGROUND

About four months after the suit was filed, plaintiff voluntarily dismissed defendants

Live Nation Worldwide, Inc. and Box Office Ticket Center, LLC. Record Doc. Nos. 22, 23

and 27. Plaintiff subsequently voluntarily dismissed some of her claims against the Board,

SMG and France in his official capacity. Record Doc. Nos. 60, 62. The remaining claims were resolved partially by cross-motions for summary judgment – with dismissal of some claims against SMG and against the Board and France on sovereign immunity grounds – and partially by a bench trial on March 11, 2019, which the court's record indicates required about three hours of actual time in courtroom proceedings. Record Doc. No. 93 at p. 2.  The trial resulted in findings in favor of plaintiff.  Record Doc. Nos. 87, 88, 90, 91 and 96. In her Findings of Fact and Conclusions of Law, the presiding district judge held that plaintiff "is a prevailing party on her Title II claim against France, in his official capacity, and her Title III and LHRA claims against SMG. The Court awards Plaintiff attorneys' fees against SMG and against France, in his official capacity." Record Doc. No. 96 at p. 29.

As prevailing party, plaintiff filed her motion for attorney's fees and costs. Record Doc. No. 97. Plaintiff's **original** motion papers provided the following summary of compensable hours billed multiplied by the requested hourly rate for each professional:

| Billing Professional | Billed Time in Hours | Hourly Rate | Total (Time x Rate) |
|---|---|---|---|
| A. Bizer | 118.04 | $300 | $35,412.00 |
| J. Hammack | 155.68 | $200 | $31,136.00 |
| G. DeReus | 10.49 | $200 | $2,098.00 |
| Paralegal | 19.93 | $100 | $1,993.00 |
| | | Total: | $70,639.00 |

Record Doc. No. 97-11 at p. 58. The original motion sought an upward adjustment doubling this amount, arguing that evaluation of the factors set out in Johnson v. Georgia Highway

Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)[abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)], warranted a fee multiplier of two (2) times the lodestar amount. Record Doc. No. 97-1 at pp. 14–17.  Thus, the total amount of fees plaintiff sought in the **original** motion was $141,278.00, together with $1,307.75 in costs and expenses.  Record Doc. No. 97 at p. 1; No. 97-1 at p. 18.

Defendants filed a timely opposition memorandum. Record Doc. 107. They do not dispute that plaintiff is a prevailing party. Id. at p. 4. They concede that an award of the $1,307.75 in costs sought by plaintiff is appropriate and properly documented. Id. at p. 11 n. 38. Defendants argue, however, that the amount of fees sought by plaintiff is unreasonably high and suggest that only $22,698.89 in fees should be awarded, essentially for three reasons: (1) The requested hourly rates for plaintiff's attorneys and paralegal are too high. (2) All of the 10.49 hours sought for DeReus were expended solely for the sovereign immunity defense, on which defendants prevailed and plaintiff was unsuccessful. (3) Various percentage reductions in the requested fees should be made for unsuccessful and/or dismissed claims, unnecessary and redundant work, travel time and lack of billing judgment as to the paralegal's time. Id. at p. 9. Defendants oppose any Johnson factors upward adjustment. Id. at p. 10.

Plaintiff was permitted to file a reply memorandum, in which she explained in greater detail the reasons for the amount of  hours billed and fees sought, but admitted that "some of the 19.93 . . . hours billed by the paralegal [requested in the original motion] was clerical

work and should have been further struck." Record Doc. No. 112 at p. 2. Plaintiff's reply also submitted time sheets reflecting $1,890.00 in additional fees sought for work performed after the original motion was filed and in response to a court order. Record Doc. No. 112 at p. 3. Plaintiff summarized the hours billed and rates requested for this additional work as follows:

| Billing Professional | Billed Time | Hourly Rate | Total (Time x Rate) |
|---|---|---|---|
| A. Bizer | 5.91 | $300 | $1,773.00 |
| J. Hammack | 0.30 | $200 | $60.00 |
| G. DeReus | 0.10 | $200 | $20.00 |
| Paralegal | 0.37 | $100 | $37.00 |
| | | Sub-Total Lodestar: | $1,890.00 |

Record Doc. No. 112-1 at p. 4. No doubling of this amount was requested. Adding together the original fees sought with those sought in plaintiff's reply memorandum brings the total of awardable attorney's fees requested to $143,168.00.

Because the additional fees were requested for the first time in a reply memorandum, I provided defendants with an opportunity to file written opposition to plaintiff's reply. Record Doc. No. 124. In their supplemental opposition memorandum, defendants argue that none of this addtiional $1,890.00 should be awarded because it was unnecessarily and prematurely incurred, as evidenced by the court's subsequent orders granting the parties additional time during which to draft a joint submission on the subject about which plaintiff had unilaterally filed her motion and then denying plaintiff's subject motion as moot. Record Doc. No. 125 at pp. 1–2.

-4-

Plaintiff's motion for attorney's fees and costs was referred to me for findings and recommendations as to the amounts to be awarded. Record Doc. No. 100. Since that time, defendants have noticed an appeal to the United States Court of Appeals for the Fifth Circuit, filed as 5th Circuit Case No. 19-30575. Record Doc. Nos. 119, 122. Having considered the written submissions of the parties, the record, and the applicable law, I find that plaintiff's motion should be GRANTED IN PART AND DENIED IN PART as follows.

II.    LEGAL STANDARDS

Under the ADA, "[i]n any action . . . commenced pursuant to this chapter, the court . . . , in its discretion, may allow the prevailing party, . . . a <u>reasonable</u> attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205 (emphasis added). Although the language of the statute is discretionary, the Fifth Circuit has "consistently acknowledged in civil rights cases" that "'a prevailing plaintiff . . . is <u>presumptively</u> <u>entitled</u> to <u>reasonable</u> attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust.'"  <u>Deutsh v. Jesus Becerra, Inc.</u>, 668 F. App'x 569, 570–71 (5th Cir. 2016) (quoting <u>Dean v. Riser</u>, 240 F.3d 505, 508 (5th Cir. 2001) (emphasis added). Defendants do not dispute that plaintiff was the prevailing party. Record. Doc. No. 107 at p. 4. They oppose only the amount of plaintiff's attorney's fees request.

Both sides agree that calculation of recoverable attorney's fees begins with the familiar lodestar evaluation, which involves multiplying the reasonable hourly rates of plaintiff's lawyers by the reasonable number of hours expended. As detailed above, plaintiff

seeks to recover a total of $143,168.00 in attorney's fees, and defendants ask that plaintiff be awarded $22,698.89 in attorney's fees.

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute.  Under the lodestar method,

> [t]he determination of a fees award is a two-step process.  First the court calculates the "lodestar[,]" which is equal to the number of hours <u>reasonably</u> <u>expended</u> multiplied by the <u>prevailing hourly rate</u> in the community for similar work.  The court should exclude all time that is excessive, duplicative, or inadequately documented.  Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in <u>Johnson v. Georgia</u> <u>Highway Express, Inc.</u>, 488 F.2d 714, 717–19 (5th Cir. 1974)[, <u>abrogated on</u> <u>other grounds by</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989)].

<u>Jimenez v. Wood Cnty.</u>, 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted) (emphasis added).

"The lodestar may not be adjusted due to a <u>Johnson</u> factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting."  <u>Heidtman v. Cnty. of El Paso</u>, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562 (1992); <u>Shipes v. Trinity</u> <u>Indus.</u>, 987 F.2d 311, 319-20 (5th Cir. 1993)); <u>accord</u> <u>Perdue v. Kenny A.</u>, 559 U.S. 542, 546 (2010).

The <u>Johnson</u> factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of

> other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained, and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Perdue, 559 U.S. at 546, 552; Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012); Jimenez, 621 F.3d at 380. Although the party

seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and the attorneys' qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley, 461 U.S. at 433; Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").

In addition, it is settled that the lodestar calculation in favor of a prevailing party under a fee-shifting statute may include as a recoverable item its reasonable attorneys' fees "'for the effort entailed in litigating a fee claim and securing compensation.'" Payne v. Univ. of S. Miss., 2016 WL 698130, at *3 (S.D. Miss. Feb. 19, 2016) (quoting Cruz v. Hauck, 762 F.2d 1230, 1233 (5th Cir. 1985)); accord Alexander v. City of Jackson, 456 F. App'x 397, 400 (5th Cir. 2011); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996); S.M. by & through Tina M. v. St. Tammany Parish Pub. Sch., 2016 WL 232436, at *1–2 (E.D. La. Jan. 20, 2016) (citing Cruz, 762 F.2d at 1233; Johnson v. State of Miss., 606 F.2d 635, 637-38 (5th Cir. 1979); Federal Judicial Center, Awarding Attorneys' Fees and Managing Fee Litigation 33 n.201 (3d ed. 2015)); Lewallen v. City of Beaumont, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), aff'd, 394 F. App'x 38 (5th Cir. 2010).

"Moreover, the court need not explicitly calculate the lodestar to make a reasonable award." No Barriers, Inc., 262 F.3d at 500–01 (citing Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Wegner, 129 F.3d at 822-23).

The fee applicant . . . must, of course, submit appropriate documentation to

> meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 563 U.S. 826, 838 (2011); see also Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1187 (2017) (quoting Fox, 563 U.S. at 838) (Trial courts "'need not, and indeed should not, become green-eyeshade accountants' (or whatever the contemporary equivalent is)."). "If the district court has articulated and clearly applied the correct criteria, [the appeals court] will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose." In re High Sulfur Content Gas. Prods. Liab. Litig., 517 F.3d 220, 228-29 (5th Cir. 2008) (quotations and citations omitted).

When attorneys exercise inadequate billing judgment, an award may be reduced by a percentage intended to substitute for the exercise of proper billing judgment. See Banegas v. Calmar Corp., 2016 WL 6276779, at *1-2 (E.D. La. Oct. 27, 2016) (citing Fralick v. Plumbers and Pipefitters Nat. Pension Fund, 2011 WL 487754, at *3-4 (N.D. Tex. Feb. 11, 2011)); Smith v. Manhattan Mgmt. Co., 2016 WL 915272, at *4 (E.D. La. Mar. 10, 2016) (finding a 10% reduction for counsel's lack of billing judgment). See also Walker, 99 F.3d at 770 (reducing fee award by 15% for lack of billing judgment) (citing Leroy v. City of Houston, 831 F.2d 576, 586 (5th Cir. 1987) (reducing award by 13%)); see also Saizan v.

Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir. 2006) (10% reduction for vagueness, duplicative work and lack of billing judgment); Hopwood v. Texas, 236 F.3d 256, 279 (5th Cir. 2000) (25% reduction based on inadequate time entries, duplicative work product and lack of billing judgment); Coulter v. State of Tenn., 805 F.2d 146, 151 (6th Cir. 1986) (50% reduction for duplication of effort); Preston Expl. Co., LP v. GSP, LLC, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013) ("Courts have reduced fees up to 50% for billing judgment in light of factors such as nature and extent of the work involved, the issues involved, and the complexity of the work;" reducing hours by 20% because (1) partners performed tasks more suited to associates or paralegals; (2) attorneys and paralegals billed for clerical tasks; (3) attorneys billed regular rates for unproductive travel time; (4) many billing entries are vague; and (5) case was overstaffed with partners who often duplicated each other's efforts) (citing Saizan, 448 F.3d at 800; La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 336 (5th Cir. 1995) (hereinafter "LP&L"); Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC, 2012 WL 3234203, at *8 (S.D. Tex. Aug. 6, 2012) (50% reduction); Devices, Inc. v. Sr. Operations, Inc., 2009 WL 5171746, at *1 (N.D. Tex. Dec. 29, 2009) (20% reduction)); Harkless v. Brunner, 2011 WL 2149138, at *2 (N.D. Ohio May 31, 2011) (50% reduction); Yelton v. PHI Inc., 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012) (50% reduction).

As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded. Watkins, 7 F.3d at 457. For example, courts in the Fifth Circuit typically compensate travel time at only 50% of the attorney's rate in the absence of

documentation that any legal work was accomplished during travel time.  Watkins, 7 F.3d at 459; Bd. of Supervisors v. Smack Apparel, 2009 WL 927996, at *6 (E.D. La. April 2, 2009) (Lemmon, J.); Hopwood v. State, 999 F. Supp. 872, 914 (W.D. Tex. 1998), aff'd in relevant part & rev'd in part on other grounds, 236 F.3d 256, 281 n.107 (5th Cir. 2000); Jackson v. Capital Bank & Trust Co., 1994 WL 118322, at *26 (E.D. La. Mar. 30, 1994) (Heebe, J.); Smith v. Walthall Co., 157 F.R.D. 388, 393 (S.D. Miss. 1994).

Federal courts also typically deny attorney's fees for unsuccessful, futile or wasteful litigation efforts because such fees cannot be characterized as reasonable.  See, e.g., Montanez v. Simon, 755 F.3d 547, 555–56 (7th Cir. 2014) (affirming percentage reduction in lodestar when plaintiff "lost four of his six claims" and received small amount of damages in civil rights case); Jason D.W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 211 (5th Cir. 1998) (court did not abuse discretion in reducing fees for time spent pursuing unsuccessful claim and to reflect limited success on other issues); Randolph v. Dimension Films, 634 F. Supp. 2d 779, 799–800 (S.D. Tex. 2009), aff'd, 381 F. App'x 449 (5th Cir. 2010) (deducting for defendants' attorneys' time spent pursuing claims that did not overlap with successful claim). The court must "carefully consider the successful and unsuccessful portions of the case as well as the reasonable and unreasonable fees claimed by Plaintiffs." Roussell v. Brinker Int'l, Inc., 441 F. App'x 222, 234 (5th Cir. 2011) (quoting Abner v. Kan. City So. Ry., 541 F.3d 372, 384 (5th Cir. 2008)).

Similarly, work that is clerical rather than legal in nature should also be excluded.

"Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate." Hagan v. MRS Assocs., Inc., 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (citing Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995); In re North, 59 F.3d 184, 195 (D.C. Cir. 1995)) (additional citations omitted). "[W]hen an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate.  The filing of papers is a task which could be handled by clerical staff." Sassaman v. Heart City Toyota, 879 F. Supp. 901, 918 (N.D. Ind. 1994) (quotations omitted); see also Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (clerical and other work that can be accomplished by non-lawyers should not be billed at an attorney's rate); Harris v. L & L Wings, Inc., 132 F.3d 978, 985 (4th Cir. 1997) (secretarial tasks); Abrams v. Baylor College, 805 F.2d 528, 535-36 (5th Cir. 1986) (clerical work); Hagan, 2001 WL 531119, at *9 (faxing documents); Barrilleaux v. Thayer Lodging Group, Inc., 1999 WL 397958, at *2 (E.D. La. June 11, 1999) (Livaudais, J.) (clerical and administrative tasks); Inks v. Healthcare Distribs. of Ind., Inc., 901 F. Supp. 1403, 1416 (N.D. Ind. 1995) (delivery of materials to opposing counsel).  Likewise, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in Johnson . . . said in regard to the work of attorneys is applicable by analogy to paralegals: 'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available.  Such non-legal work may command a lesser rate.  Its dollar value is not

enhanced just because a lawyer does it.'" <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989)(emphasis added).

Applying the foregoing principles to plaintiff's submissions in this case yields the following results.

III.   <u>ANALYSIS</u>

A.   <u>Reasonable Hourly Rates</u>

Plaintiff seeks hourly rates of $300 for attorney Andrew Bizer, $200 for attorney Jacqueline Hammack, $200 for attorney Garrett DeReus, and $100 for a paralegal. Bizer states in his affidavit that he has practiced law for 16 years. Record Doc. No. 97-8, at p. 2. He is a frequent filer of precisely this kind of lawsuit in this court, typically on behalf of similarly situated plaintiffs. DeReus, his current partner and a former associate, engages in the same kind of practice. He has practiced law for six years. Record Doc. No. 97-9 at pp. 1–2. DeReus states in his affidavit that he has been involved in more than 200 ADA cases. Hammack, an associate at the same firm, states in her affidavit that she was admitted to practice in Louisiana in 2012, and has been with this firm since 2016. Record Doc. No. 97-10. Thus, she has practiced law for seven years, but she does not mention her experience with litigating ADA cases in her affidavit.

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested.  <u>LP&L</u>, 50 F.3d at 329. Defendants argue that other reported decisions in this district illustrate that these hourly rates should be

-13-

reduced; specifically, to "$275/hour for Andrew Bizer; $150/hr for Garrett DeReus; and $75/hour for Mr. Bizer's paralegal." Record Doc. No. 107 at p. 6 (citing cases).

Based on their years of relevant experience and prevailing market rates, I find that the requested hourly rates for DeReus, Hammack and their paralegal are reasonable and awardable at this time. DeReus has been awarded a rate of $150-$175 per hour in recent years. Mark v. Sunshine Plaza, Inc., 2018 WL 1960022, at *6 (E.D. La. Apr. 26, 2018) (awarding $150 per hour to DeReus with five years of experience); Herbert v. New Orleans City, 2017 WL 3216583, at *9 (E.D. La. July 28, 2017) (awarding $150 an hour to Garrett DeReus with four years of experience); Carrier v. Weber Prop. Grp., L.L.C., 2017 WL 4226161, at *1 (E.D. La. Sept. 21, 2017) (awarding a rate of $150 to DeReus with four years of experience); Mark v. Covington City, C.A. No. 15-5977 "A"(4) (awarding a rate of $150 per hour for DeReus with three years of experience); Falls v. Comm'r, 2017 WL 2730781, at *10 (E.D. La. June 26, 2017) (awarding DeReus a rate of $175 per hour with four years of experience). During the past few years, I have observed and reviewed DeReus's work in an increased role in several cases before me. His knowledge, expertise and judgment have increased dramatically with his enhanced experience. I therefore find that DeReus has attained sufficient years of relevant practice expertise and experience, including promotion to partnership in his law firm, Record Doc. No. 97-9 at p. 1, to justify an increase to $200 per hour. Because of Hammack's comparable years of experience, I also find her reasonable hourly rate to be $200 per hour. The requested hourly rate for their paralegal, $100 per hour, is supported by similar fee awards in recent years in this district. See Warder v. Shaw Grp.,

Inc., 2016 WL 3447950, at *2–3 (E.D. La. June 23, 2016) (awarding hourly rate of $130 for paralegal); Carrier,  2017 WL 4226161, at *1 (awarding hourly rate of $90 for paralegal). Loiacano v. DISA Global Sols., 2016 WL2926679, at *2 (E.D. La. May 19, 2016) (awarding $150.00/hour for a paralegal); Norris v. Causey, 2016 WL 1046101, at *10 (awarding $80.00/hour for a paralegal); United States v. Russel Grillot, Grillot Constr., L.L.C., Civ. A. No. 14-2539, 2015 WL 9672688, at *5 (E.D. La. Dec. 14, 2015) (awarding $125.00/hour for a paralegal); Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C., 2015 WL 5306229, at *3 (E.D. La. Sept. 10, 2015) (awarding $100.00/hour for a paralegal); In re Hollander, 2015 WL 4456070, at *7 (Bankr. E.D. La. July 20, 2015) (awarding $90.00/hour for a paralegal).

As to the rate requested for Bizer, I find that $285 per hour, as has recently and consistently been found to be reasonable for lawyers with similar experience in ADA cases in this market, is reasonable. I find that this hourly rate represents a reasonable blending of rates awarded to Bizer and other attorneys with similar experience in recent years.  See, e.g. Sunshine Plaza, Inc., 2018 WL 1960022, at *6 (awarding a rate of $275 per hour to Bizer with 15 years of experience); Herbert, 2017 WL 3216583, at *9 (awarding a rate of $275 per hour to Bizer with 14 years of experience); Carrier,  2017 WL 4226161, at *1(awarding a rate of $275 per hour to Bizer with 14 years of experience); Covington City, C.A. No. 15-5977 "A"(4) (awarding Bizer a rate of $275 per hour with 13 years of experience); Falls, 2017 WL 2730781, at *10 (awarding Bizer a rate of $300 per hour with 14 years of experience); Mr. Mudbug, Inc. v. Bloomin' Brands, Inc., 2017 WL 736044, at *2 (E.D. La.

Feb. 24, 2017), aff'd, 2017 WL 2274954 (E.D. La. May 25, 2017) (using lodestar method for discovery sanction and awarding hourly rates of $300, $240, $210 and $190 for attorneys with 17, 10, 4 and 1 years of experience, respectively); Warder, 2016 WL 3447950, at *2–3 (using lodestar for discovery sanction and awarding hourly rates of $325 for partner with 14 years of experience, $300 for associate who nonetheless had 20 years of experience in complex commercial litigation and $130 for paralegal); Banegas v. Calmar Corp., 2016 WL 6276779, at *2 (E.D. La. Oct. 27, 2016) (awarding $250 per hour for Fair Labor Standards Act work to the same attorneys as in Calix v. Ashton Marine LLC, 2016 WL 4194119, at *5 (E.D. La. July 14, 2016), report & recommendation adopted, 2016 WL 4180977 (E.D. La. Aug. 8, 2016), in which this court awarded $200 per hour for attorneys who had practiced for 5 years, but had little experience litigating FLSA cases); Hobson v. Abe Dev. LLC, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (hourly rates of $250 and $275 in civil rights case to lawyers with "roughly ten years of experience"); Gahagan v. U.S. Customs & Border Prot., 2016 WL 3090216, at *14 (E.D. La. June 2, 2016) ($200 per hour for attorney with 8 years of experience in immigration and Freedom of Information Act cases); Loiacano v. DISA Global Solutions, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (denying requested hourly rates of $630 and $435 for partners and $347 for an associate, and awarding $350 for partners, $205 for associate and $150 for paralegal as discovery sanction); Cacho v. Gusman, 2014 WL 4854737, at *6 (E.D. La. Sept. 29, 2014) (in civil rights action, awarding hourly rates of $185 for attorney with 11 years of experience and $150 for attorneys in practice for 3 to 5 years); Offshore Marine Contractors, Inc. v. Palm Energy

Offshore, LLC, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) ($325, $275 and $225 per hour for attorneys with 19, 7 and 4 years of experience, respectively, in breach of contract case); Guity v. Lawson Envtl. Serv., LLC, 2014 WL 4723295, at *6-8 (E.D. La. Sept. 23, 2014) (hourly rates of $250 to $290 for partners and $150 to $175 for associates in indemnity case).

In my judgment, if Bizer continues on the current ascending arc of his practice, he will become eligible for an increase in his awardable rate at a suitable milestone of years of experience.[1] At present, however, for the reasons discussed above and based on the foregoing authorities, I find that $285 per hour for Bizer, $200 per hour for DeReus and Hammack and $100 per hour for their paralegal are the reasonable prevailing rates to be applied at the first step of the lodestar evaluation in this case.

B.    Reasonable Hours

(1)    Generally

Next, I must determine the reasonable number of hours that plaintiff's counsel expended on this litigation. Adding together the hours in her original motion and reply memorandum, plaintiff seeks a total of 310.82 hours, including 123.95 hours billed by Bizer, 10.59 hours billed by DeReus, 155.98 hours billed by Hammack and 20.3 hours billed by their paralegal. Record Doc. Nos. 97-11 at p. 58, 112-1 at p. 4. I find that the hours requested by plaintiff's attorneys are reasonable for the most part in a case like this one, which was aggressively litigated for almost two years and culminated in trial on the merits, with the few

---

[1] The emerald anniversary springs to mind.

reductions noted below. I find that the attorneys' time is mostly well-documented and that plaintiff's counsel's time and task reports establish that they exercised adequate billing judgment by writing off much of their duplicative, inappropriate, unproductive and occasionally excessive time entries, except for the few entries noted below. See, e.g., Record Doc. No. 97-11 at pp. 10 (reducing from 0.69 to 0.35 time entry for "prepare HIPPA authorizations for client to sign, as "excessive," Hammack, 11/3/17); 16 (reducing to zero (0) time entry for "Assist ADB re calculation of required number of seats" as "Entry Redundant/Unnecessary," DeReus, 12/18/17) (reducing to zero (0) time entry for "Discuss case w/ JKH in light of conf. w/Court," as "Entry Redundant/Unnecessary," DeReus, 12/20/17); (reducing to zero (0) time entry for "phone call with JRD re: logistics of conference call" as "Clerical/Entry Struck," Hammack, 12/20/17). In addition, a few entries related to dismissed claims and one for attorney travel time were appropriately reduced to zero (0) by plaintiff's counsel before making their request. See, e.g. id. at pp. 3 (eliminating time billed for "Review amended complaint" because it "Pertains to Dismissed Defendant," Bizer, 8/16/17); 5 (eliminating "Research Sovereign Immunity Issue with Regards to Damages Claim against State Entity under LCHR," by "MPF," 9/22/17); 7 (eliminating time billed for "investigate status of service on defendant Box Office Ticket Center, LLC; send email to JRD re: same" because it "Pertains to Dismissed Defendant," Hammack, 10/9/17); 15 (eliminating time billed for "Travel to/from settlement conference w/ Live Nation" because it "Pertains to Dismissed Defendant," Bizer, 12/6/17).

      I find, however, that a few additional reductions – though not to the substantial extent

requested by defendants – are appropriate as follows.

(2) <u>Specific Reductions</u>

(i) <u>Clerical Work</u>

In her reply memorandum, plaintiff admits that "some of the 19.93 hours billed by the paralegal [in the initial motion] was clerical work and should have been further struck . . . ." Record Doc. No. 112 at p. 3. I have reviewed the materials and find that the following entries by the paralegal are purely clerical in nature and must be deducted from the total of compensable hours:

- 0.10 hours on July 18, 2017, to "create physical file folder;"

- 0.10 hours on July 31, 2017, to "download and print pleading - 1 Complaint and attachements (sic);"

- 0.10 hours on September 4, 2017, to "download and print pleading - 6 waiver of service;"

- 0.10 hours on September 19, 2017, to "calendar deadline for when premature disco requests would be due;"

- 0.10 hours on September 20, 2017, to "download and print pleading - 10 Answer;

- 0.10 hours on September 21, 2017, to "[d]ownload and save discovery requests from [opposing counsel];"

- 0.10 hours on October 2, 2017, to "print and mail/email correspondence from JKH to [opposing counsel];"

- 0.25 hours on October 10, 2017, to "print and mail copies of Doc 11 0 mtn to Strike and Exhibits to 2 parties that have not yet made appearance;"

- 0.10 hours on October 25, 2017, to "download and print pleading - 16 Order granting [pro hac vice];"

- 0.10 hours on November 7, 2017 to "call clerk re: [Bizer] on way to conference 0 gave cell number;"

- 0.20 hours on November 8, 2017 to "download and print pleading - 17 minute entry - add all deadlines to calendar;"

- 0.10 hours on November 29, 2017, to "download and print pleading - 21 waiver of service;"

- 0.10 hours on December 21, 2017, to "download and print pleading - 24 minute entry - mark deadline to exchange info on calendar;"

- 0.10 hours on February 8, 2018, to "download and print pleading - 28 preliminary conference notice;"

- 0.5 hours on December 17, 2018, to "print and prep 3x copies of exhibits D-K for [Bizer] to use at depo;" to "print notice of depo for [Bizer] and parking instructions;" and to "download and print pleading - 38 Settlement Conference order/ calendar;"

- 0.33 hours on December 28, 2018, for "organizing binders for case;"

- 1.37 hours on December 28, 2018, to "download and print pleading - 39 Ds mtn for leave to file;""download and print pleading - 43 Notice to produce hard copy;" "Creating tables of contents and compiling hard copy binders for delivery to chambers - Rec Doc. 40; and "Creating tables of contents and compling hard copy binders for delivery to chambers - Rec Doc. 41;"

- 0.15 hours on January 2, 2019 to "download and print pleading - 53 Order granting extension to reply/ mark new deadline on calendar;"

- 0.10 hours on January 14, 2019 to "download and print pleading - 62 Order to dismiss;"

- 0.10 hours on January 23, 2019, to "download and print pleading - 65 mtn for leave to file memo;"

- 0.25 hours on February 1, 2019, to "download and print pleading - 70 minute entry/pretrial scheduling order/calendar all dates and response deadlines;"

- 0.20 hours on February 7, 2019, to "download and print pleading - 73 witness and

exhibit list;" and "download and print pleading - 74 Ds final witness list;"

- 0.10 hours on February 8, 2019, to "download and print pleading - 75 minute entry;"

- 0.10 hours on February 11, 2019, to "download and print pleading - 76 Ps supplemental memo;"

- 1.50 hours on February 28, 2019, to "print all of P's exhibits and add tab dividers to create bench books;" and "create table of contents for bench book;" and

- 0.25 hours on March 1, 2019, for "final composition and labels for Bench book/create CDs with digital exhibits."

Record Doc. No. 97-11 at pp. 1–56. These further deductions total 6.5 hours of the paralegal's time, leaving 13.8 hours of reasonably billed time.

    (ii)   <u>Travel Time</u>

As discussed above, attorney travel time lacking documentation that any legal work was accomplished during the travel is generally compensated at only 50% of the attorney's rate. Although plaintiff's counsel wrote off one travel entry of 0.5 hours in connection with a subsequently dismissed claim, Record Doc. No. 97-11 at p. 15 (Bizer, 12/6/17), plaintiff's submissions request compensation for 0.33 hours of travel by the paralegal, 4.76 hours of travel by Bizer and 7.84 hours of travel by Hammack. <u>Id.</u> at pp. 1 (Hammack; 7/19/17); 21 (Bizer, 4/10/18); 24 (Hammack, 6/28/18); 27 (Hammack, 11/13/18); 31 (Bizer, 12/17/18); 46 (Paralegal, 1/31/19) (Bizer, 2/1/19); 47 (Bizer, 2/7/19); 54 (Bizer, 3/11/19). Some of these entries by Bizer and Hammack reflect that their travel time was combined with other billed time that is fully compensable, but no billing judgment was exercised to specify how much of the combined time was purely for travel, as opposed to legal work. <u>See</u>, <u>e.g.</u>, Record Doc.

No. 97-11 at pp. pp. 1 (Hammack; 7/19/17, "meeting with client to review draft complaint and execute representation agreement, including travel time"); 27 (Hammack, 11/13/18, "Meeting with client at her request, including travel time, to discuss status & strategy and answer questions regarding same"); 31 (Bizer, 12/17/18, "Travel to/from deposition/ participate in deposition of SMG employee Ducros"). Because entries of this sort do not contain documentation that any legal work was accomplished during time spent purely on travel and thus reflect inadequate billing judgment, I reduce the attorney's awardable rate by 50% for all entries reflecting travel time. Watkins, 7 F.3d at 459; Smack Apparel, 2009 WL 927996, at *6; Hopwood, 999 F. Supp. at 914; Jackson 1994 WL 118322, at *26; Walthall Co., 157 F.R.D. at 393.

  (iii) <u>Unsuccessful/Dismissed Claims & Motion Practice</u>

  As discussed above, courts typically deny attorney's fees for unsuccessful, futile or wasteful litigation efforts because such fees cannot be characterized as reasonable. Plaintiff seeks to recover some attorney's fees for time attributable to unsuccessful, futile or wasteful claims and motion practice and thus those hours must be reduced as follows.

  First, I do not award the $1,890 in attorney's fees sought in her reply memorandum. Plaintiff asserts that those fees are sought in connection with "the attempts to comply with The Honorable Judge Susie Morgan's Findings of Fact and Conclusions of Law." Record Doc. No. 112. A review of the court's record, however, demonstrates that the parties failed to comply with the court's order and needlessly escalated litigation in this regard.  In Judge Morgan's Findings of Fact and Conclusions of Law, she ordered the "parties [to] meet and

confer to attempt to agree on the appropriate injunctive relief. The parties will file jointly, within 30 days of the issuance of these findings of fact and conclusions of law [June 13, 2019], a proposed consent judgment . . . ." Record Doc. No. 96 at p. 30 (emphasis added).

Instead of complying with Judge Morgan's order, on June 12, 2019, plaintiff filed her own Motion for Leave to File Proposed Order Regarding Appropriate Injunctive Relief, Record Doc. No. 102-1, asserting that "the State of Louisiana has wholly failed to meet and confer in good faith." Id. at p. 2.  However, plaintiff's motion also states that "two (2) days before the deadline, the State of Louisiana emailed [plaintiff's counsel] . . . and requested consent for 'a thirty day extension of its prior deadline for submission of proposals.'" Id. at p. 3.  On June 13, 2019, defendants filed a Motion for Extension of Time to comply with the order. Record Doc. No. 104.  That same day, Judge Morgan issued an order extending the deadline for the parties to file the joint proposed consent judgment and again ordered the parties to meet and confer about the appropriate injunctive relief by June 21, 2019, and submit a proposal. Record Doc. No. 105. Judge Morgan then denied defendants' Motion for Extension of Time and plaintiff's Motion for Leave to File Proposed Order Regarding Injunctive Relief as moot. Record Doc. Nos. 106, 108.  As defendants correctly note, "these additional attorneys' fees sought by [plaintiff] could have easily been avoided by simply allowing a brief extension of the deadlines." Record Doc. No. 125. Accordingly, I do not recommend that plaintiff recover these $1,890.00 in attorney's fees.

Second, the 10.49 hours billed by DeReus must be stricken entirely.  Plaintiff's motion acknowledges that "[a]ll of . . . DeReus's time was written off except for his work

(10.49 hours) on the sovereign immunity issue raised in the State of Louisiana's Motion for Summary Judgment." Record Doc. No. 97-1 at p. 9. The court's record reflects that plaintiff and defendants filed cross-motions for summary judgment, which ultimately resulted in the dismissal of some claims against SMG, the Board and France on sovereign immunity grounds. Record Doc. Nos. 40, 41, 45. Because DeReus's requested billed time was spent litigating plaintiff's ultimately and predictably unsuccessful position on sovereign immunity, see, e.g., Record Doc. No. 97-11 at pp. 32 ("Draft email to atty. JKH w/ case law that will be useful to her MSJ," 12/20/18"); 33 ("Pull legal research regarding respondeat superior theory of liability / Pull legal research re: public entity responsible for private entity / Draft summary email to atty. JKH," 12/22/18); 35 ("Review OC's section of memorandum related to sovereign immunity / Begin conducting legal research related to whether LSED is a state agency / issue required extensive research," 12/26/18), plaintiff should not recover for those 10.49 hours sought.

Third, as to the remaining dismissed claims, a portion of plaintiff's counsel's billing is attributable to work on dispositive motions as to claims that were ultimately voluntarily dismissed or dismissed on summary judgment. As noted above, plaintiff voluntarily dismissed claims against Live Nation Worldwide, Inc. and Box Office Ticket Center, LLC. Record Doc. Nos. 22, 23 and 27. Plaintiff also voluntarily dismissed some of her claims against the Board, SMG and France in his official capacity. Record Doc. Nos. 60, 62. While as noted above plaintiff appropriately exercised some billing judgment as to the dismissed defendants by writing off time entries related to those defendants, plaintiff failed to exercise

fully adequate billing judgment as to the litigation of claims it voluntarily dismissed or those that were dismissed on summary judgment. See, e.g., pp. 32 ("begin drafting MSJs & supporting memos;" Hammack; 12/18/18); 33 ("continue drafting SMG MSJ supporting memo;" Hammack; 12/22/18). Accordingly, I reduce plaintiff's total billed hours sought by 10% to account for her failure to exercise billing judgment as to these claims. See, e.g., Montanez, 755 F.3d at 555–56; Houston Indep. Sch. Dist., 158 F.3d at 211; Randolph, 634 F. Supp. 2d at 799–800. Coupled with the reductions to DeReus's and the paralegal's time, all as explained above, and adjusting the travel time rates as separately addressed below, a 10% reduction of plaintiff's counsel's time is as follows: 113.28 hours for Bizer to 101.952 hours, 0.0 billable hours for DeReus, 155.68 hours for Hammack to 133.056 hours and 13.8 hours for the paralegal to 12.123 hours.

    C.  Lodestar Summary After Reductions

    Accounting for the reductions to the requested billing rates and time discussed above, I conclude that the following reasonably expended time multiplied by the reasonable hourly rates set out above yields the following awardable amounts:

| Billing Professional | Billed Time | Hourly Rate | Total (Time x Rate) |
|---|---|---|---|
| – Non-Travel Work | | | |
| A. Bizer | 101.952 | $285 | $29,056.32 |
| G. DeReus | 0.0 | $200 | $0.00 |
| J. Hammack | 133.056 | $200 | $26,611.20 |
| Paralegal | 12.123 | $100 | $1,212.30 |
| – Travel Time | | | |

-25-

| A. Bizer | 4.76 | (½)$142.50 | $678.30 |
| J. Hammack | 7.84 | (½) $100 | $784.00 |
| Paralegal | 0.33 | (½) $50 | $16.50 |

– <u>Total</u>

| A. Bizer | $29,734.62 |
| G. DeReus | $0.00 |
| J. Hammack | $27,395.20 |
| <u>Paralegal</u> | <u>$1,228.80</u> |

|  | Total Lodestar: | $58,358.62 |

D.     <u>Multiplier and Johnson Factors</u>

Plaintiff seeks an "upward adjustment" doubling the lodestar amount based on the <u>Johnson</u> factors. Record Doc. No. 97-1 at pp. 15–18. As noted above, the lodestar calculation is presumptively reasonable and should be modified only in <u>exceptional</u> circumstances. <u>Watkins</u>, 7 F.3d 453, 457 (citing <u>City of Burlington</u>, 505 U.S. at 562); <u>accord</u> <u>Perdue</u>, 559 U.S. at 546, 552; <u>Cooper Tire & Rubber Co.</u>, 685 F.3d 486, 490; <u>Jimenez</u>, 621 F.3d at 380. In <u>Perdue</u>, the Supreme Court held that enhancements to the lodestar may not be awarded based on a factor subsumed in the lodestar calculation. <u>Perdue</u>, 559 U.S. 542, 553 (2010). Instead, the Court found that the "'strong presumption' that the lodestar figure is reasonable . . . may be overcome in those <u>rare</u> circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." <u>Id.</u> at p. 554 (emphasis added).

I find that neither exceptional nor rare circumstances of the type recognized in the case law justify an upward adjustment of any type in this case. The only <u>Johnson</u> factors that may permissibly support an upward adjustment are those which are neither subsumed in the

-26-

lodestar nor prohibited from consideration: the customary fee, the undesirability of the case, the nature and length of the professional relationship with the client and awards in similar cases.  The customary fees have already been evaluated above in establishing reasonable hourly rates.  There is no indication that the requested fee reflects any particular kind of professional relationship between plaintiff and his counsel. The case was not undesirable. Awards in similar cases have already been taken into account above in establishing the hourly rates. Even if all other <u>Johnson</u> factors were considered, I find that the upward multiplier requested by plaintiff is unwarranted. The issues involved were common to ADA cases. There is no indication that other employment was precluded or limited in any way. The result was successful, but not unusually so. Accordingly, I find that attorney's fees in the amount of $58,358.62 are reasonable and awardable. No upward adjustment is appropriate in these circumstances.

D. <u>Costs</u>

Plaintiff seeks $1,307.75 in recoverable costs, including court filing and service of process fees, court reporter fees, gas mileage for travel and deposition transcript costs, which are adequately supported and documented in the exhibits submitted by plaintiff in support of her motion.  Record Doc. Nos. 97-15; 97-16; 97-17. As noted above, defendants do not oppose that portion of plaintiff's motion and concede that the requested costs are "recoverable and appear to be properly supported with appropriate documentation." Record Doc. No. 107 at p. 11 n.38. Having reviewed these submissions, I find that all of the requested costs were reasonably incurred and should properly be awarded.

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendants, Kyle France, in his official capacity as chief executive of the Board of Commissioners of the Louisiana Stadium and Exposition District; and SMG, be ordered to pay to plaintiff, Nancy Smith, $58,358.62 in reasonable attorney's fees and $1,307.75 in recoverable costs, all as reflected above, for a total award of $59,666.37.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this _____ 5th _____ day of September, 2019.

_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.